**Debby ELZEA, Plaintiff-Appellant,**

v.

**NATIONAL BANK OF GEORGIA, Defendant-Appellee.**

**No. 76–2679.**

United States Court of Appeals, Fifth Circuit.

April 7, 1978.

---

**1249**

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

David K. Whatley, Atlanta, Ga., for defendant-appellee.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

The National Bank of Georgia extended consumer credit to Elzea. As part of the credit transaction Elzea assigned to the bank the homestead and exemption provid-ed her by Georgia law so that in the event of her bankruptcy the bank could be paid from exempted property. The bank's disclosure statement said, "This note is also secured by an assignment of [Elzea's] homestead exemption." The district court concluded that the assignment was not a security interest. We hold that the assignment was a security interest that must be disclosed pursuant to Regulation Z, 12 C.F.R. § 226.8(b)(5), and that the bank's disclosure was adequate. Thus the judgment of the district court is affirmed but on a different ground. We set out in the margin a Table of Cases referred to in this opinion.[1] In text we will shorten case titles, omit repeating book and page where not necessary and eschew the ubiquitous *supra.*

The Truth-in-Lending Act requires a creditor to disclose a "description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit." 15 U.S.C. § 1639(a)(8). Regulation Z, promulgated by the Federal Reserve Board pursuant to authority granted in the Act, defines "security interest" and "security" to "mean any interest in property which secures payment or performance of an obligation." 12 C.F.R. § 226.2(gg). The definition also lists some interests in property that are security interests. The assignment in this case, although not specifically listed, is a security interest because it is an interest in property which secures payment of an obligation.

Although state and federal courts have characterized in many ways the waiver or assignment of Georgia's homestead and exemption,[2] these characterizations are

**1.** TABLE OF CASES

Federal cases:
*Anthony v. Community Loan & Investment Corp.,* 559 F.2d 1363 (CA5, 1977)
*Kronstadt v. Citizens & Southern Nat'l Bank,* 80 F.2d 260 (CA5, 1935)
*Lockwood v. Exchange Nat'l Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903)
*Novak v. O'Neal,* 201 F.2d 227 (CA5, 1953)
*Pennino v. Morris Kirschman & Co.,* 526 F.2d 367 (CA5, 1976)
*Pollock v. General Finance Corp.,* 535 F.2d 295 (CA5, 1976), *rehearing denied,* 552 F.2d 1142, *cert. denied,* —— U.S. ——, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977)
State cases:
*Bell v. Dawson Grocery Co.,* 120 Ga. 628, 48 S.E. 150 (1904)
*J. Saul & Co. v. Bowers,* 155 Ga. 450, 117 S.E. 86 (1924)
*Strickland Hardware Co. v. Fletcher,* 152 Ga. 445, 110 S.E. 229 (1921)

**2.** For example, the Supreme Court has said that waiver confers on the creditor "no lien," but an "equity." *Lockwood,* 190 U.S. at 300, 23 S.Ct. at 753, 47 L.Ed. at 1064. The Georgia

not determinative of whether a creditor holds a security interest under Regulation Z's definition. This question should be answered by examining the rights which the creditor has. Basically, the creditor has no rights unless the debtor goes into bankruptcy and requests that his homestead and exemption be set aside. *Novak; see Kronstadt.*[3] But once the bankrupt debtor requests that the homestead and exemption be set aside, the creditor holding a waiver or assignment may have his debt paid from the exempted property.[4] A *waiver* of the homestead and exemption allows the creditor to be preferred over general creditors. *See Lockwood. See generally* 1A Collier on Bankruptcy ¶ 6.10[3]. An *assignment* may allow the creditor to be preferred over both creditors holding homestead waivers, *e. g., Strickland Hardware Co.*, and creditors with subsequent assignments, *J. Saul & Co.* Thus, the creditor has an interest in property—he has enforceable rights in the exempted property. These rights are contingent on, first, the debtor's bankruptcy with the obligation outstanding and, second, the debtor's asking that the property be set aside; but they constitute an interest in

property all the same. It does not matter that the property cannot presently be identified and may not yet exist. Regulation Z specifically recognizes the possibility that property may not be identifiable.[5] What is important is that the homestead and exemption privilege is valuable to the debtor and he has given up this valuable privilege to the extent of his debt.

■ Further, the assignment helps to secure payment of the obligation. Ordinarily a secured debt is one that makes certain the payment of the debt,[6] yet because the debtor may fail to claim his exemption, assignment of the exemption does not make payment absolutely certain.[7] The debtor may frustrate the assignment, however, only by forsaking his right to the exemption. The creditor's risk is analytically no different than the risk of willful destruction that a creditor assumes whenever the debtor holds security property.

■ Georgia law permits a debtor to waive his homestead and exemption "except as to wearing apparel and $300 worth of household and kitchen furniture and provisions." Ga.Code Ann. § 51–1101. Elzea

Supreme Court has said that a waiver is "in the nature of a security." *Bell*, 120 Ga. at 629, 48 S.E. at 151. The Fifth Circuit has said that assignment confers "an equitable, though inchoate, interest." *Kronstadt*, at 264.

3. Elzea's assignment reads in full:
   "Undersigned transfers, assigns and conveys to the Holder a sufficient amount of homestead and exemption which undersigned or undersigned's family may have under or by virtue of the Constitution or laws of Georgia or any other State of the United States as against liabilities and to pay them. In case of bankruptcy, undersigned authorizes and directs the Trustee to deliver to Holder a sufficient amount of property or money claimed as exempt to pay liabilities and the Holder is appointed attorney in fact for undersigned to claim any and all homestead exemptions allowed by law."
   Although the intended purpose of the provision appointing the creditor as attorney-in-fact is to ensure that the exemption be claimed, the court in *Novak* refused to enforce a similar clause.

4. The creditor may have the bankruptcy proceedings postponed so that he can act in state court to protect his interest in the exempted property. *Lockwood.* He may go to state

court to have a receiver for the exempted property appointed for such time as he needs to obtain a judgment that will bind the property. *Bell.* Once the debtor claims the homestead and exemption, a subsequent renunciation will be ineffective against a creditor holding an assignment. *Kronstadt; see Novak.*

5. Section 226.8(b)(5) requires:
   "a clear identification of the property to which the security interest relates *or, if such property is not identifiable*, an explanation of the manner in which the creditor retains or may acquire a security interest in such property as the creditor is unable to identify." (Emphasis added.)

6. Black's Law Dictionary 1521 (rev. 4th ed. 1968) defines "secure" as follows:
   "to give security; to assure of payment, performance, or indemnity; to guarantee or make certain the payment of a debt or discharge of an obligation."

7. In the event the debtor fails to claim his exemption, the property that would have been exempted passes to the trustee in bankruptcy and the creditor shares pro rata with other unsecured creditors.

contends that the bank should have disclosed this statutory limitation. We hold that the bank's identification of the type of security interest without mentioning the statutory limitation was adequate disclosure.

█ Regulation Z elaborates the statutorily required "description of any security interest," 15 U.S.C. § 1639(a)(8), as "description *or identification of the type* of any security interest." 12 C.F.R. § 226.8(b)(5) (emphasis added). Decisions in this circuit generally accept that simply the identification of the type of security interest is sufficient disclosure. In *Pennino*, at 371, the court held that the description "any lien on property arising by operation of laws" was insufficient to disclose the vendor's lien provided by Louisiana law, but suggested simply identifying the security interest as a vendor's lien would be sufficient. In *Anthony*, at 1367, the court held sufficient the description "a security interest . . . [wherein the Secured Party] may exercise any rights and remedies granted a Secured Party by the Uniform Commercial Code." The court said, "The Code reference fully defines the legal rights of the parties."[8] The descriptions approved in these two cases—vendors' lien and security interest under the Uniform Commercial Code—do no more than simply identify the type of security interest. The description in this case as the assignment of the debtor's homestead and exemption similarly identified the type of security interest.

Elzea argues that the decision of this circuit in *Pollock* requires disclosure of the statutory limitation on the waiver of the homestead and exemption. *Pollock* specifically involved the disclosure of an after-acquired property clause. The court held that the creditor must disclose that the security interest would be limited to goods obtained within ten days after the creditor gave value. *See* U.C.C. § 9-204(4)(b). *Pollock*, however, dealt with a different clause in the relevant section of Regulation Z. That clause expressly concerned after-acquired property; it was not the general clause requiring a description or identification of the type of any security interest. Accordingly, the decision in *Pollock* does not require any further disclosure than the bank gave Elzea.

AFFIRMED.

---

**8.** The court expressly followed a Federal Reserve Board staff opinion letter approving the description "a security interest under the Uniform Commercial Code."