577 F.2d 953
 Mary L. LAMAR, Plaintiff-Appellant,
v.
AMERICAN FINANCE SYSTEM OF FULTON COUNTY, INC., Defendant-Appellee.
 No. 76-4097.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 4, 1978.
 
 Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.
 Andrew J. Britton, W. Rhett Tanner, Jerald D. Stubbs, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before WISDOM, GOLDBERG, and RUBIN, Circuit Judges,
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The trial court was not only correct but, in some respects, prescient. While the result reached with respect to the issue concerning whether a waiver of homestead exemption is a security interest did not anticipate our later decision in Elzea v. National Bank of Georgia, 5 Cir. 1978, 570 F.2d 1248, the waiver was adequately disclosed albeit in that part of the form captioned "default." This was not the best place to describe the creditor's security but it sufficed. The Truth-in-Lending Act requires only that disclosure be made "clearly and conspicuously, in accordance with the regulations of the Board." 15 U.S.C. § 1631(a). The regulations amplify this to require that disclosure also be made "in meaningful sequence." 12 CFR § 226.6(a). These words have been interpreted by the Board itself. They
 
 
 2
 . . . relate to a presentation of required disclosures in a logical order with respect to those items which have an arithmetical relationship to each other. For example, many of the items called for in § 226.8(b), (c) are arithmetical and follow each other in logical progression. The remaining items are informative and have no particular interdependence. A meaningful sequence would call for those items which are arithmetically related to appear within a reasonable proximity to each other, not mixed with items which are irrelevant to a progression of arithmetical computations or thought.
 
 
 3
 Federal Reserve Board Public Position Letter No. 780 (April 10, 1974), reprinted in CCH Consumer Credit Guide P 31,102 (transfer binder). (Emphasis supplied) Thus, the regulations with respect to meaningful sequence do not require any particular order for the disclosure of the security interest retained by the lender so long as that description is clear and conspicuous. Cf. Allen v. Beneficial Finance Company of Gary, Inc., 7 Cir. 1976, 531 F.2d 797.
 
 
 4
 With respect to whether, under the circumstances of this case, testimonial evidence should have been admitted to contradict the recital of the disclosure form that credit life and disability insurance was not required, the trial court's ruling anticipated the later opinion of this court in Anthony v. Community Loan & Investment Corp., 5 Cir. 1977, 559 F.2d 1363, which is now the law of this circuit. We need not pause here to consider all the circumstances under which such evidence might be admissible under a claim of "duress;" obviously a federal standard would apply were the issue properly raised.
 
 
 5
 The trial court refused to consider whether the written request for insurance was dated in accordance with the requirements of 12 CFR § 226.4(a)(5)(ii) because that issue itself was raised for the first time after motions for summary judgment had been presented by both sides and both motions had been denied, although, within a few days thereafter, the defendant's motion was granted on the affidavits and memoranda previously considered. Whether a litigant should be permitted belatedly to tender an entirely new issue, never even suggested before, lies in the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 1971, 401 U.S. 321, 330-332, 91 S.Ct. 795, 802-803, 28 L.Ed.2d 77; Dunn v. Koehring Co., 5 Cir. 1977, 546 F.2d 1193, 1198-99.
 
 
 6
 Lawyers of experience who practice what we boast to be a learned profession owe a duty both to their clients and to the court, and, perhaps, even to other members of their profession who appear as opposing counsel, to prepare cases properly, to give the issues full consideration before preparing pleadings, and, in general, to exercise diligence in the practice of their profession. Code of Professional Responsibility DR 6-101. While a trial court may use other remedial measures, we do not consider that it was an abuse of discretion under the circumstances of this case for the trial court to deny counsel the right, after submitting the case on one set of hypotheses and learning that this was not enough, to attempt to inject new issues in the hope of achieving a different result.
 
 
 7
 For these reasons, the decision of the trial courts is AFFIRMED.