Iona BROWN, Plaintiff,

v.

TERMPLAN, INC. OF GEORGIA, Defendant.

Civ. A. No. C75–2214A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 26, 1978.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant.

## ORDER

HAROLD L. MURPHY, District Judge.

On September 12, 1975, the plaintiff, Mrs. Iona Brown, secured a consumer loan with defendant, Termplan, Inc. of Georgia ("Termplan"). Termplan prepared and Mrs. Brown signed a "Federal Disclosure Statement". On November 14, 1975, Mrs. Brown filed this truth-in-lending action alleging that Termplan failed to make certain required disclosures on its "Federal Disclosure Statement", violating The Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* Jurisdiction is invoked under 15 U.S.C. § 1640(e).

■ This action is presently before the Court on the Magistrate's report and recommendation filed June 26, 1978, on plaintiff's motion for summary judgment. The plaintiff, Mrs. Brown has enumerated four areas in which she claims Termplan failed to make required disclosures. However, since Mrs. Brown is only entitled to a single recovery even if Termplan were found liable for multiple failures to disclose, 15 U.S.C. § 1640(g), it is not necessary to deal with each of her claims. *Mourning v. Family Publications Service*, 411 U.S. 356, 376 n. 41, 93 S.Ct. 1652, 36 L.Ed.2d 318; *McGowan v. King, Inc.*, 569 F.2d 845 (5th Cir. 1978). The Court will address itself only to Mrs. Brown's claim that Termplan failed to disclose a security interest it had obtained through a clause waiving her homestead exemption rights contained in the note and signed by Mrs. Brown. No reference to the waiver of homestead exemption rights was made on the face of the "Federal Disclosure Statement".

■ It has recently been determined that the waiver of homestead exemption rights constitutes a security interest which must be disclosed by the creditor under the Consumer Credit Protection Act (The "Truth-in-Lending Act"), 15 U.S.C. § 1639(a)(8) and Regulation Z, 12 C.F.R. § 226.1 et seq. *Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir. 1978).[1] The transaction involved in this action predated the *Elzea* decision. Thus the question presented to the Court by the Magistrate's Report and Recommendation and Termplan's objections[2] is whether the *Elzea* decision should

---

1. *Elzea* overruled *Mims v. Dixie Finance Corporation*, which held that the waiver of homestead exemption rights did not create a security interest 426 F.Supp. 627, 635 (N.D.Ga.1976) (reasoning from decisions stating that a waiver of homestead exemption rights transfers no title and creates no lien).

2. On July 7, 1978, defendant's attorney filed "Defendant's Motion for Reconsideration of Magistrate's Report and Recommendation" with a supporting brief. This "motion" being in the nature of objections to the Magistrate's Report and Recommendation, the Court will treat it as such. Rule 8(f). However, to avoid

be applied retroactively to the transaction involved in this action. If so, then Termplan violated the Consumer Credit Protection Act and is subject to its civil liability. 15 U.S.C. § 1640(a).

██ The Supreme Court has isolated three factors as relevant to the determination of whether a nonconstitutional decision should be limited to prospective effect.

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed . . . . Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971); *Matter of S/S Helena*, 529 F.2d 744, 754 (5th Cir. 1976). Upon consideration of each of these factors, the Court concludes that in the instant action, the *Elzea* decision should be applied retroactively.

First *Elzea* did not decide an issue of first impression. The issue of whether a waiver and assignment of one's homestead exemption rights constitutes a security interest which must be disclosed under Regulation Z had been addressed previously in *Mims v. Dixie Finance Corporation*, 426 F.Supp. 627 (N.D.Ga.1976). The *Elzea* decision overrules clear past precedent established in *Mims*, however *Mims* is not clear past precedent *on which the litigants may have relied.* (emphasis added) Since the transaction out of which this action arises took place more than a year before the *Mims* decision was reached, Termplan could not possibly have relied on *Mims* to the effect that it was not required to disclose its security interest in Mrs. Brown's homestead exemption.

Defendant's assertion that *Elzea* "effectively overruled a long line of decisions by the United States Supreme Court and Georgia Supreme Court" is not well taken. (Defendant's Motion for Reconsideration of Magistrate's Report and Recommendation, p. 5.) Aside from the fact that the Court of Appeals for the Fifth Circuit lacks the power to overrule the United States Supreme Court, the cases to which defendant refers are inapposite to the issue in *Elzea*. This was pointed out by the *Elzea* court in the very language from that opinion quoted by the defendant:

Although state and federal courts have characterized in many ways the waiver or assignment of Georgia's homestead and exemption, these characterizations are not determinative of whether a creditor holds a security interest under Regulation Z's definition.

570 F.2d 1248, 1249–50 (5th Cir. 1978). *Elzea* may effectively have changed the way the game is played, but contrary to defendant's contention it did not change the rules of the game. Since the date of its promulgation it has been incumbent upon a creditor to look to Regulation Z's definition to determine whether a creditor holds a security interest. State law is not to be ignored, but it is not determinative of this issue as noted by the *Elzea* court above.

In considering the second factor, it is necessary to point out that *Elzea* is not a new rule as such, but an explication of the existing rule that a creditor must disclose a "description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit." 15 U.S.C. § 1639(a)(8). To determine

---

any possible confusion as to the Court's ruling, Defendant's Motion for Reconsideration of

Magistrate's Report and Recommendation is denied.

whether retroactive effect of *Elzea* is appropriate, its purpose must be considered in conjunction with the statutory purpose. The statutory purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). This statutory purpose would be furthered by giving *Elzea* retroactive effect. Creditors should not seek to take advantage of borrowers by failing meaningfully to disclose their terms of credit.

■ A creditor should evaluate its credit terms so as to come within the spirit of the law as well as its letter.[3] Otherwise, as here, the creditor may find himself outside of both.

Finally, retroactive application of the *Elzea* decision to this action will not produce substantial inequitable results or injustice or hardship.

Accordingly, defendant's Motion for Reconsideration of Magistrate's Report and Recommendation is denied[4], plaintiff's motion for summary judgment is granted, plaintiff's objections to the Magistrate's denial of the stay are dismissed, and plaintiff's motion for leave to amend its reply to defendant's counterclaim which was filed on July 11, 1977 is denied. Plaintiff is granted judgment in the amount of twice the finance charge, *i. e.* $793.02 plus costs and reasonable attorneys' fees.

---

3. This would require the creditor to take into account Regulation Z's broad definition of "security interest" and the fact that the Truth-in-Lending Act is designed to protect consumers through disclosure.

4. See fn. 2, supra.