Larry L. WILLIAMS, Plaintiff-Appellant,

v.

BLAZER FINANCIAL SERVICES, INC.,
Defendant-Appellee.

No. 77–2077.

United States Court of Appeals,
Fifth Circuit.

July 23, 1979.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

Arthur Gregory, Thomas W. Thrash, Atlanta, Ga., for defendant-appellee.

Before MORGAN, RONEY and VANCE, Circuit Judges.

RONEY, Circuit Judge:

In this third of the trilogy of truth-in-lending cases decided today, plaintiff debtor

appeals from judgments for the creditor on both the truth-in-lending claims and the counterclaim for the underlying debt. 15 U.S.C.A. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.1 et seq. (1978). In addition to issues decided in *Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357 (5th Cir. 1979), plaintiff contends that (1) credit related insurance was not optional, (2) the provision in the note for the waiver and assignment of the homestead exemption was a security interest subject to disclosure, and (3) the disclosure statement contained misleading statements. Following a prior decision of this Court that the waiver and assignment of the homestead exemption creates a security interest, we reverse because of an inadequate disclosure of this fact, but affirm the district court on all other issues, both as to claim and counterclaim.

In obtaining a loan of approximately $250.00, plaintiff Williams and his wife executed two documents for defendant Blazer Financial Services, Inc.: (1) a combined disclosure statement/insurance notice/security agreement, and (2) a note which included a waiver of the Georgia homestead exemption.

After default, plaintiff commenced this action seeking to recover the statutory penalty provided by 15 U.S.C.A. § 1640 for failure of defendant to make disclosures required by the Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq. and Regulation Z, 12 C.F.R. § 226.1 et seq., promulgated pursuant thereto by the Board of Governors of the Federal Reserve System. Defendant counterclaimed for the balance due on the loan.

The district court held there was no violation of the Truth-in-Lending Act and ruling that the counterclaim was compulsory, entered a judgment for defendant, rejecting plaintiff's affirmative defenses based on a violation of state law.

■ On appeal plaintiff raises five issues: (1) whether the circumstances sur-rounding the loan were such as to deprive plaintiff of the option of refusing life insurance, thereby violating the Act and regulations; (2) whether the waiver and assignment of state homestead exemption rights constitutes a security interest mandating disclosure; (3) whether there were misleading disclosures as to the existence of a security interest in the original contract; (4) whether the acceleration clause violated the Georgia Industrial Loan Act so as to make the note null and void; and (5) whether the court had jurisdiction over the counterclaim. The latter two issues have already been considered by this Court in the companion case of *Plant v. Blazer Financial Services, Inc., supra,* and, on the basis of that opinion, we affirm the judgment of the district court that the acceleration clause did not make the note null and void and that the court had jurisdiction of the compulsory counterclaim on the note.

### *Life Insurance Option*

■ The Truth-in-Lending Act and the regulations promulgated pursuant to it provide specifically that charges for insurance must be calculated in the finance charge unless:

> (i) The insurance coverage is not required by the creditor and this fact is clearly and conspicuously disclosed in writing to the customer; and

> (ii) Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance.

Regulation Z, 12 C.F.R. § 226.4(a)(5) (1978). The combination insurance document contained the following statement:

> Credit Life and Disability Insurance is not required to obtain this loan. Such insurance will only be procured for the term of the loan if Customer(s) request(s) Creditor to obtain such insurance by signing below:

Immediately below this statement the debtor was provided with three options: (1) credit life and disability insurance; (2) credit life insurance only; (3) no insurance. Plaintiff's wife signed and dated the following option:

> I desire Credit Life and Disability Insurance at the cost of $ _26.48_ .

> _12/6/74_    _/s/ Geraldine Williams_
> Date                Signature

■ In *Anthony v. Community Loan & Investment Corp.,* 559 F.2d 1363 (5th Cir. 1977), this Court held that a contract with identical provisions met the disclosure requirements of the Act and that parol evidence to the effect that the debtor believed insurance was required was inadmissible "absent a claim of illiteracy, fraud or duress, . . ." 559 F.2d at 1369. It has not been suggested that plaintiff was illiterate or subject to fraud or duress. The contention that disclosure requirements should be broadened to provide a "meaningful" disclosure for people such as plaintiff who are unwise in the ways of the business world was rejected in *Anthony. See Lamar v. American Finance System, Inc.,* 577 F.2d 953 (5th Cir. 1978). The entire thrust of contemporary credit legislation is to make credit contract terms comprehensible. Decisions which in effect encourage debtors not to take these terms seriously, regardless of how comprehensible they might be, undermine the purpose of this legislation.

### Waiver and Assignment of State Homestead Exemption

■ The note contains a clause by which the debtor waived and assigned all homestead exemption rights under Georgia law.[1] The district court rejected plaintiff's contention that this clause creates a security interest which must be disclosed under 15 U.S.C.A. § 1639(a)(8).[2] In the interim, however, a panel of this Court has ruled otherwise. *Elzea v. National Bank,* 570 F.2d 1248 (5th Cir. 1978). Absent *en banc* reconsideration, we are bound by its consideration. *United States v. Lewis,* 475 F.2d 571, 574 (5th Cir. 1972).

The issue before us, therefore, is not whether the waiver constitutes a security interest but whether there was an adequate disclosure of this security interest. The cases have held "simply the identification of [any] type of security interest is sufficient disclosure." *Elzea v. National Bank, supra,* 570 F.2d at 1249 (statement "This note is also secured by an assignment of [Elzea's] homestead exemption" held adequate). *See Lamar v. American Finance System, Inc.,* 577 F.2d 953 (5th Cir. 1978); *Anthony v. Community Loan & Investment Corp.,* 559 F.2d 1363, 1367–1368 (5th Cir. 1977); *Pennino v. Morris Kirschman & Co.,* 526 F.2d 367, 371 (5th Cir. 1976).

■ The disclosure documents at issue in this case are devoid of any indication that

---

1. The clause provides:

   Each of us severally waives and renounces, each for himself and family, any and all homestead exemption rights either of us may have under or by virtue of the constitution or laws of Georgia, or any other State of the United States, as against this debt, or any renewal of this debt. The undersigned jointly and severally transfer, convey and assign to the holder of this note, a sufficient amount of any homestead exemption that may be allowed to the undersigned, or any of them, including such homestead exemption as may be set apart in bankruptcy, to pay this debt in full, with all cost of collection. The undersigned irrevocably appoint the holder of this note as attorney in fact to apply for and execute any and all papers necessary to obtain such homestead exemption. The undersigned further direct any Trustee in Bankruptcy having possession of such homestead exemption to deliver to the holder of this note a sufficient amount of property or amount of money set apart as exempt to pay the indebtedness evidenced by this note.

2. 15 U.S.C.A. § 1639(a)(8) provides:

   (a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

   (8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.

the waiver and assignment was given as a security interest. Absent any disclosure whatsoever we must hold that there is a violation of the disclosure requirement as a matter of law. Indeed, defendant's response to the final issue in the case reveals the correctness of this result.

Plaintiff contended that the disclosure statement was misleading because a box on the statement was left blank which should have been checked if the loan was unsecured. Defendant responds that no security interest was contemplated and points to the statement in bold face type that the loan is unsecured. Defendant notes that the manager had initialed a box elsewhere on the page stating, "This loan is unsecured." This argument conclusively shows that there was no disclosure of the fact that the waiver clause constitutes a security interest.

The district court's decision is therefore reversed as to the truth-in-lending claim and remanded for a calculation of the award to be setoff against the counterclaim and for an award of attorney's fees. In all other respects, it is affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

VANCE, Circuit Judge, dissenting in part and concurring in part.

For the reasons stated in my separate opinion in *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357 (5th Cir. 1979), I dissent from the holding that defendant's counterclaim was compulsory. In all other respects I concur in the majority opinion.