Cornelius I. BRADLEY,
Plaintiff-Appellant,

v.

MARSHALL BROTHERS LINCOLN MERCURY, INC., and Ford Motor Credit Company, Defendants-Appellees.

No. 81–3651.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1983.

Elliot G. Snellings, New Orleans, La., for plaintiff-appellant.

Chaffe, McCall, Phillips, Toler & Sarpy, Marc G. Shachat, Kenneth J. Servay, New Orleans, La., for Ford Motor Credit Co.

Matthew F. Belin, New Orleans, La., for Marshall Bros. Lincoln Mercury.

Before GARZA, REAVLEY and GARWOOD, Circuit Judges:

GARZA, Circuit Judge:

This action was brought, pursuant to the Federal Truth-In-Lending Act (TILA), 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. § 226 et seq., by plaintiff-appellant, Cornelius I. Bradley, against the defendants-appellees, Marshall Brothers Lincoln Mercury, Inc. (hereinafter Marshall Brothers) and Ford Motor Credit Company (hereinafter Ford). The matter was heard before the court below on cross-motions for summary judgment. On June 25, 1981, the district court rendered judgment on all counts in favor of the defendants and against the plaintiff, dismissing plaintiff's suit at his cost.

The facts of the case are undisputed. On May 15, 1979, Bradley purchased a Mercury Marquis automobile, for his personal family and household use, from Marshall Brothers. Marshall Brothers arranged for an extension of consumer credit from Ford to finance the purchase. The parties executed a form sales contract which included certain disclosures required by the Federal Truth-In-Lending Act. Additionally, the parties executed a promissory note which was retained by Ford. The contract/disclosure statement/promissory note are on forms printed by defendant Ford and provided by defendant Ford to defendant Marshall Brothers. Under the terms of the contract, plaintiff was to repay the transaction, which has a total of payments amounting to $6,162.32 in thirty-six equal monthly installments of $171.12 each. Total finance charge assessed in the transaction was $1,196.82.

The plaintiff was issued a combination contract/Truth-In-Lending disclosure statement which bears the notation "Buyer's Copy." The "Buyer's Copy" does not contain the promissory note, and the plaintiff never received a copy of the promissory note. The promissory note stated, "all exemptions are waived." The "Buyer's Copy," given to the plaintiff, did not contain any reference to any waiver of exemptions. Plaintiff contends that the Truth-In-Lending Act and Regulation Z, particularly Section 226.8(b)(5) thereof, was violated by

the defendant-appellee's failure to disclose to plaintiff the language in the promissory note purporting to waive all exemptions. The district court held that under Louisiana law the language purporting to waive all exemptions was ineffective and, "therefore, defendants were not required to disclose such a waiver as a security interest pursuant to the Truth-In-Lending statute and Regulation Z." It is from this holding that plaintiff Bradley appeals.

■ A creditor making a consumer loan or otherwise extending consumer credit must disclose "a description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit ...." 15 U.S.C. § 1639(a)(8). A waiver of statutory exemptions is a security interest which must be disclosed. *See Elzea v. National Bank of Georgia,* 570 F.2d 1248, 1250 (5th Cir.1978).

The Louisiana statutory scheme for personal property exemptions is set forth in Louisiana Revised Statute 13:3881 which provides:

A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:

(1) Seventy-five percent of his disposable earnings for any week, but in no case shall this exemption be less than an amount in disposable earnings which is equal to thirty times the federal minimum hourly wage in effect at the time the earnings are payable or a multiple or fraction thereof, according to whether the employee's pay period is greater or lesser than one week. However, the exemption from disposable earnings for the payment of a current or past due child support obligation, or both, is fifty percent of disposable earnings. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.

(2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part, provided that motor vehicles and trailers, except one pickup truck and trailer actually used in his trade, shall not be deemed to fall within the provisions of this paragraph;

(3) A right of personal servitude, of use and habitation, of usufruct of the estate of a minor child, and the income from total property; and

(4) The clothing, bedding, linen, chinaware, non-sterling silverware, glassware, living room, bedroom, and dining room furniture, cooking stove, heating and cooking equipment, kitchen utensils, pressing irons, washers, dryers, refrigerators, deep freezers (electric or otherwise) used by him or a member of his family; the family portraits; his arms and military accoutrements; the musical instruments played or practiced on by him or a member of his family; and the poultry, fowl, and one cow kept by him for the use of his family.

B. In cases instituted under the provisions of Title 11 of the United States Code, entitled "Bankruptcy," there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the state of Louisiana and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code.

■ The language at issue clearly purports to effect a waiver of these exemptions. Both plaintiff and defendants have presented cases which they argue establish Louisiana law on the effectiveness of this language. These cases, however, do not address the question at hand, and we are unable to find a Louisiana court resolution of this matter. Therein lies the problem. The effectiveness of this waiver is in question; indeed, the waiver may very well be valid. Given the unsettled nature of the law in this area, it would certainly be possi-

ble for a creditor to bring a deficiency judgment action seeking to reach the property exempt under the statute. For this reason, its scope should have been adequately set out to the borrower. This was not done here. We must, therefore, hold this to be a violation of the Truth-In-Lending Act.[1]

Consequently, the trial court erred in rendering judgment for Marshall Brothers and Ford.

REVERSED.

---

1. The general rule of law, as expressed at 94 A.L.R.2d 967, 974, provides that a general waiver of personal exemptions is invalid. Even if Louisiana law did decide to follow this rule, the creditor would not necessarily be excused. Why, after all, would a creditor place this language in a note if he believed it to be invalid? This Court can envision an unscrupulous creditor using this language as a club against a poorly informed debtor. This is precisely the kind of situation which the TILA is designed to prevent and one that should be guarded against.