KLIEBERT, Judge.
Avondale Shipyards, Inc. (Avondale), the prime contractor, and Comet Construction Company, Inc. (Comet), a sub-contractor, *1184 entered into an agreement under which Comet was to provide welding and pipefit-ting services on a drilling rig being constructed by Avondale. While employees of Comet were welding on the floor above the control room, a fire erupted in the rig’s control room causing damage to equipment previously stored on the rig by Avondale. Based on the indemnification and hold harmless provisions of the contract, Avon-dale brought suit to recover from Comet the damages sustained in the fire. After a judge trial on the merits, the court dismissed Avondale’s action but did not assign written reasons. Avondale brought this de-volutive appeal. Comet neither appealed nor answered the appeal. We affirm.
On September 30, 1978, Comet’s employees were welding on the Avondale drilling rig, Grand Key, when a fire erupted in the control room located on the floor below, where Comet’s employees were welding. Avondale contends it is entitled to recover $28,306.47 which was the cost of the cleanup following the fire and the cost of replacing circuit breakers destroyed in the fire. Its contention of a right of recovery is grounded in the following indemnification and hold harmless agreement contained in the contract, to-wit:
“Comet Construction Company, Inc. does agree to indemnify and hold harmless Avondale Shipyards, Inc. and its employees, agents, and representatives, from and against any loss, expense, claim or demand and to defend at its own expense any and all suits or actions for personal injury to or the death of its own employees, the employees of Avondale Shipyards, Inc., and/or third parties, and/or damages to or loss of property of indem-nitor, Avondale Shipyards, Inc., and/or third persons, in anyway arising out of or connected with the performance of in-demnitor of work on or about the premises of Avondale Shipyards, Inc. or elsewhere even though caused, occasioned, or contributed to by the negligence, sole or concurrent, of indemnitee." (Emphasis Supplied).
In essence, Avondale contends that under this provision Comet has to indemnify Avondale for loss to its own property, notwithstanding the fact the property loss may have been caused by Avondale’s sole or concurrent negligence.[1] Comet contends the contract does not require Comet to pay Avondale for damages sustained as a result of Avondale’s fault and, moreover, before the contractual provision can become operable, two factual requirements must be met, to-wit: (1) the damages arose out of Comet’s work and (2) damages were incurred. More precisely, Comet contends giving the indemnification provisions the interpretation urged by Avondale would render it unenforceable as contrary to public policy. Further, Comet contends the evidence contained in the record does not support Avon-dale’s contention the fire arose out of or was connected with work performed by Comet.
Under any theory, for Avondale to recover it must show by a preponderance of the evidence that it is more likely than not the fire arose out of or was connected with the work being performed by Comet. In the absence of such proof, Avondale’s suit falls, thus rendering the legal issues as to the interpretation of the indemnification provision and/or the factual issues as to proof of damage moot. For that reason, we consider first the factual issues as to the cause of the fire.
Avondale urges the application of the doctrine of res ipsa loquitur to establish the requisite proof that the fire was caused by or arose out of or was connected with the performance of Comet’s work. Counsel for Avondale argues that under this doctrine it is inferred Comet caused the fire because the facts clearly show that only Comet employees were welding on top of *1185 the control room packet when the fire erupted directly below. When applicable, res ipsa loquitur is a rule of circumstantial evidence where fault on defendant’s part is inferred because the facts indicate it is more probable than not the cause of the plaintiffs injury was the defendant’s fault rather than some other plausible explanation. The doctrine warrants rather than compels the inference of negligence. It does not dispense with the necessity of proof of defendant’s negligence for it is merely a procedural aspect of the proof process. Aetna Casualty & Surety Co. v. Rothman, 381 So.2d 81 (La.App. 1st Cir. 1976).
Here we are not involved with Comet’s negligence, but rather, with the question: “Did the fire arise out of or was it connected with Comet’s work?” No witness who testified here was a witness to the start of the fire or the cause of the fire. Each either did not come to the scene at all or came to the scene after the fire was out or was well under way. None of these witnesses were present when Comet’s work was going on prior to the fire.
The welding being performed by Comet was on the upper floor, whereas, the fire was discovered on a lower deck. Avondale contends the fire was caused by sparks from Comet’s welding operations falling on combustible material located below. With the exception of the witness Bobby Barnes, the «superintendent for Comet (he was called when the fire was discovered), there is simply no testimony as to where on the upper floor Comet’s employees were working when the fire was discovered or how the sparks from the welding could ignite a fire on the lower floor. At one point in his testimony Barnes testified that the welding sparks could have dropped near the stored equipment; but, when asked his opinion of how the fire started, he did not know and further testified that for all he knew it could have been started during the day. The fire was discovered at about seven-thirty at night. There had been a shift change at six o’clock that night. Simply stated, there was no evidence submitted from which the trial judge or we can reason or conclude sparks from the welding being performed on the upper floor ignited the fire on the floor below. We cannot conclude that merely because Comet’s employees were welding somewhere on the floor above the control room, the welding activity was the source of the ignition for the fire which was discovered while welding work was being performed.
The cumulative effect of the testimony is that there is no known cause of the fire or indication of when the fire started (as opposed to when it was discovered). Simply stated, the evidence fails to show by a preponderance of the evidence that it was more probable than not the fire arose out of or was connected with the work being performed by Comet. In the absence of such, Avondale’s case falls for failure of proof by a preponderance of the evidence. See Lutheran Church of Good Shepherd v. Canfield, 233 So.2d 331 (La.App. 1st Cir.1970) writ denied 256 La. 360, 236 So.2d 497 (1971).
Since the record does not contain the required proof the fire arose out of or was connected with the work being performed by Comet, we cannot say the trial court erred. Accordingly, we affirm the judgment of the lower court. All costs of the appeal are to be borne by Avondale.
AFFIRMED.

. A suit in tort would be prescribed because the action was brought more than one year after the occurrence of the fire. The suit originally named Comet’s insurance carrier, Market Insurance Co. In the interim between the time of the fire and the filing of the suit, Market was declared insolvent by the appropriate Illinois authorities. A copy of the declaration has been filed in the record.