Robert JUMBO and Nonabah
Tilden, Plaintiffs,

v.

NESTER MOTORS, INC., an Arizona
Corporation, Defendant.

No. Civ. 74–787 Pct. WPC.

United States District Court,
D. Arizona.

March 30, 1977.

David P. Frank and Fred P. Krasner, Chinle, Ariz., for plaintiffs.

Raleigh W. Johnson, of Johnson, Gardner, Hall & Cook, Holbrook, Ariz., for defendant.

## MEMORANDUM AND ORDER

COPPLE, District Judge.

The present action is based on two separate claims against the same defendant for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1970). Both the defendant and plaintiff Robert Jumbo have moved for summary judgment. Neither motion affects the separate claims of Nonabah Tilden.

Robert Jumbo's claim arises from the credit sale of a pick-up truck. The crux of his complaint is that the defendant did not give him a copy of the security agreement on Saturday, March 9, 1974, when he signed the security agreement and took possession of the truck. Instead it retained all copies and mailed a copy to him, after the sales manager had signed it on the following Monday.

In response to this claim the defendant asserts a number of defenses. Three of these can be disposed of quickly. Since the sales of automobiles and related credit transactions exert a substantial economic effect on interstate commerce, Congress has the power to regulate the transactions. *See Katzenbach v. McClung,* 379 U.S. 294, 302–05, 85 S.Ct. 377, 382–84, 13 L.Ed.2d 290 (1964). Since any reference to the requirements imposed by the Act is also a reference to the relevant regulations, 15 U.S.C. § 1602(q) (1970), the penalty for violation of the regulations is no different than the penalty for any other violation of the Act. Finally, the failure to furnish a copy of the agreement is not the kind of clerical error exempted from liability by 15 U.S.C. § 1640(c) (Supp.1975). *See Palmer v. Wilson,* 502 F.2d 860, 861 (9th Cir. 1974).

The defendant also claims to be exempt from liability because it corrected its error by mailing a copy of the security agreement within 15 days after discovering

its error. 15 U.S.C. § 1640(b) (Supp.1975). This contention must be rejected because of the nature of the alleged violation. The regulations require that disclosures be made before the transaction is consummated and that "at the time disclosures are made" the creditor must provide a document identifying the creditor and making the required disclosures. 12 C.F.R. § 226.8(a). To apply the exception in section 1640(b) to this requirement would effectively nullify the regulation because lenders would be granted an automatic extension of time not contemplated by the regulations.

■ The defendant's claim that the regulations were satisfied when it gave the plaintiff a copy of the purchase order, rather than the security agreement, must also be rejected. Even if this document was delivered at the proper time, it fails in several respects to satisfy the requirements of 12 C.F.R. § 226.8(b) and (c).

■ The undisputed facts establish that a technical violation of 12 C.F.R. § 226.8(a) occurred. The disclosures were made on Saturday. The transaction was consummated no later than the following Monday, when the sales manager signed the agreement. Since the defendant admits that it kept all copies of the security agreement until Monday and then mailed a copy to Jumbo, it could not have furnished the required documents at the time of disclosure and prior to consummation of the transaction.

■ Although a technical violation occurred, there are circumstances in this case indicating that civil liability should not be imposed. *See generally Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230 (10th Cir. 1975). Evangeline Jumbo testified at her deposition that price, interest, and other figures were explained and that the security agreement was redrafted several times before its terms were satisfactory. She also testified that before Robert Jumbo signed the security agreement, it was completed in accordance with the discussions and explanations. This undisputed testimony shows that the Congressional policy of

assuring meaningful disclosure of credit terms and avoiding the uninformed use of credit, *see* 15 U.S.C. § 1601 (Supp.1975), was in no way undermined by the defendant's failure to give the plaintiff a copy of the security agreement on Saturday. Consequently, the defendant is entitled to judgment as a matter of law, *Redhouse, supra* at 237, and its motion will be granted. Fed. R.Civ.P. 56(c).

■ There is an additional reason for granting the defendant's motion. The plaintiff does not contest the assertion that the Jumbos preferred to have the pickup on Saturday even though they understood that the sale was not final until approved by the sales manager. Moreover, Evangeline Jumbo testified at her deposition that the defendant's plan to mail the agreement was acceptable to them. Since the defendant apparently retained all copies of the security agreement and allowed the Jumbos to take the pickup on Saturday in reliance on their acquiescence in the plan for mailing a copy of the security agreement, the plaintiff is estopped from complaining that he was not given a copy on Saturday. *See EMECO Indus., Inc. v. United States*, 485 F.2d 652, 657, 202 Ct.Cl. 1006 (1973); *United States v. Hanna Nickel Smelting Co.*, 253 F.Supp. 784, 793 (D.Or.1966).

IT IS ORDERED:

1. Plaintiff Robert Jumbo's motion for summary judgment is in all respects denied.

2. The defendant's motion for summary judgment is granted as to the claim of Robert Jumbo, but the claim of Nonabah Tilden is unaffected by the disposition of this motion.