**Marlene FRIEND, Plaintiff-Appellant,**

v.

**TERMPLAN INC., Bolton,
Defendant-Appellee.**

No. 80–7316.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 27, 1981.

Rehearing Denied Sept. 14, 1981.

Joseph H. King, Jr., Atlanta, Ga., for plaintiff-appellant.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant-appellee.

Before KRAVITCH, FRANK M. JOHNSON, Jr. and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant brought this action for violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C.A §§ 1601 *et seq.*, and Regulation Z, 12 C.F.R. §§ 226.1 *et seq.*, arising out of a consumer loan transaction with the appellee Termplan. The district court granted summary judgment for the appellee. We hold that the inclusion of the term "face amount of contract" in the Truth-in-Lending disclosures constitutes an inconsistent or misleading state disclosure which should not have been intermingled with TILA disclosures. We reverse.

The instrument entitled "Disclosures Statement and Promissory Note" contained the following term among the disclosures required by the TILA:

Face Amount of Contract

$1608.00

Immediately below this term, the statement explains: "Face amount of contract is the total of payments less the total monthly maintenance charge." Appellant argues that the term "face amount of contract" is an inconsistent state disclosure which should have been disclosed in a separate portion of the statement. The terminology "face amount of contract" is peculiar to Georgia law and is not contained in the TILA or required to be disclosed by the Act. Termplan argues that this term must be disclosed under state law. While we have found no authority under state law expressly requiring the disclosure of this term, we will assume that Termplan is correct.

The purpose of the TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms avail-

able to him and avoid the uninformed use of credit." 15 U.S.C.A. § 1601. To this end, certain terms with a clear and uniform meaning must be disclosed to the borrower. They include: the finance charge, amount financed, and total payments. *See* 15 U.S. C.A. § 1638. In recognition of the fact that state laws may also require certain disclosures or that the lender may desire to disclose additional terms, Regulations Z places certain restrictions on the disclosures of such additional information:

(c) *Additional information.* At the creditor's or lessor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or lessee or contradict, obscure, or detract attention from the information required by this part to be disclosed. Any creditor or lessor who elects to make disclosures specified in any provision of State law which, under paragraph (b) of this section, is inconsistent with the requirements of the Act and this part may

(1) Make such inconsistent disclosures on a separate paper apart from the disclosures made pursuant to this part, or

(2) Make such inconsistent disclosures on the same statement on which disclosures required by this part are made; provided:

(i) All disclosures required by this part appear separately and above any other disclosures,

(ii) Disclosures required by this part are identified by a clear and conspicuous heading indicating that they are made in compliance with Federal law, and

(iii) All inconsistent disclosures appear separately and below a conspicuous demarcation line, and are identified by a clear and conspicuous heading indicating that the statements made thereafter are inconsistent with the disclosure requirements of the Federal Truth in Lending Act.

12 C.F.R. § 226.6(c). Under Regulation Z, a state term is inconsistent if it "[r]equires a creditor to make disclosures or take action

different from the requirements of this part with respect to form, content, terminology, or time of delivery." 12 C.F.R. § 226.-6(b)(1). Therefore, the disclosure of the term "face amount of contract" among the Truth-in-Lending disclosures is a violation of the Act if the term is either inconsistent with TILA terminology or if it is misleading or confusing.

The term "face amount of the contract" as defined in this contract is the total of payments ($1632.00) minus the total monthly maintenance charge ($24.00) or $1608.00. This amount, therefore, includes both the amount financed and a portion of the finance charge, both of which must be disclosed separately. Although authority is sparse on the question of inconsistent state disclosures, we note that this case is similar to the Fourth Circuit case of *Mason v. General Finance Corp. of Virginia*, 542 F.2d 1226 (4th Cir. 1976). In that case, the lender had placed a state term, contract rate, among Truth-in-Lending disclosures. The court concluded that the terminology was inconsistent with the Truth-in-Lending terminology. Though the term "contract rate" was similar to the federally defined terms "annual percentage rate" and "finance charge," they were not synonymous.

It is precisely because such true information can be worse than meaningless that the Congress determined upon uniformity of terminology. Perfection is not required, neither of the Congress nor of the lender. The "Annual Percentage Rate" tells the borrower within pennies, or at most a dollar or so, what he needs to know in terms of what credit is costing him whereas equally billed disclosure of the Virginia "Contract Rate" tells him nothing that he can use to compare the cost of credit. We hold that the Congress may rationally adopt a national loan terminology for the purpose of enabling the comparison of the cost of credit and may require the subordination of state terminology even though it is true and accurate.

We believe that to accord state lending lingo equal billing on the lending contract does not accord with congressional pur-

pose and violates the Act and Regulation Z. Accordingly, we hold that the terminology "Contract Rate" is utterly incompatible with the mandatory federal terminology "Finance Charges" and "Annual Percentage Rate."

542 F.2d at 1233 (footnote omitted).

A case closer on point is *Clemmer v. Liberty Financial Planning, Inc.,* 467 F.Supp. 272 (W.D.N.C.1979), where the lender included the state-required term "principal amount of the loan" among Truth-in-Lending disclosures. The principal amount was defined as "the aggregate of the amount or value actually received at the time of the loan, plus a stated rate of charge, plus the sum of all existing indebtedness of the borrower paid on his behalf by the lender." 467 F.Supp. at 275. The court stated:

> The "principal amount" under state law is inconsistent with its counterpart under federal law, the "amount financed." It includes the "rate of charge," N.C.G.S. § 24–13, which is in contrast to the federal law, where the rate of charge is a part of the finance charge, not a part of the amount financed. This principal amount under state law includes some items which would be included in the federal law amount financed, but also includes some other items which would be included in the federal law finance charge. Regulation Z, 12 C.F.R. § 226.4.
>
> The state law requires disclosures such as the defendant has made in Part II of the disclosure statement (attached as Exhibit "A"), and those disclosures are different from the requirements of Regulation Z with respect to both content and terminology. *Mason v. General Finance Corp. of Virginia,* 542 F.2d 1226 (4th Cir. 1976).

*Id.*

We believe that the term "face amount of the contract" is terminology which is inconsistent with federal disclosures. It conveys no information from which the borrower can compare credit costs. Furthermore, the inclusion of the term adds an additional figure which is similar to the amount financed and the total amounts of payments. It can only serve to create confusion in the mind of the borrower who is trying to determine what the loan will cost him and how it compares to other credit terms. The term should have been included in a portion of the disclosure statement clearly delineated as inconsistent state disclosures. Since it was not, the disclosure statement violated the TILA. We therefore reverse the judgment of the district court and remand for a determination of damages and attorney's fees if any. Since there can be but one recovery even though multiple Truth-in-Lending violations appear in a single contract, we do not address the remaining alleged violations. *See Turner v. Firestone Tire & Rubber Co.,* 537 F.2d 1296 (5th Cir. 1976).

REVERSED AND REMANDED.