Eddie Eugene HAMILTON, Jr., and Idella Hamilton, Plaintiffs-Appellants,

v.

SOUTHERN DISCOUNT COMPANY, Defendant-Appellee.

No. 80–7669.

United States Court of Appeals, Fifth Circuit.

Unit B

Sept. 14, 1981.

Rehearing Denied Oct. 19, 1981.

Ralph Goldberg, Atlanta, Ga., for plaintiffs-appellants.

Tomlinson & Nix, John E. Tomlinson, J. Lamar Nix, Atlanta, Ga., for defendant-appellee.

Before HILL and VANCE, Circuit Judges, and LYNNE,* District Judge.

VANCE, Circuit Judge:

Appellants brought this action under the federal Truth-in-Lending Act (TILA), 15 U.S.C. § 1601, et seq., contending that appellee Southern Discount Company had violated the Act by failing to disclose appellants' waiver and assignment of their Georgia homestead exemption.

In *Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir. 1978) we held that the assignment of a homestead exemption under the Georgia law was an assignment of a security interest and required disclosure under Regulation Z, 12 C.F.R. § 226.8(b)(5). The loan agreement in this case, however, was transacted approximately two months before the decision in *Elzea* was issued on April 7, 1978. In 1976, the district court for the Northern District of Georgia, the district in which this transaction took place, had ruled that a lender had no duty to disclose a waiver of a homestead exemption. *Mims v. Dixie Finance Corp.*, 426 F.Supp. 627, 638 (N.D. Ga. 1976). Reviewing the chronology of these decisions, the district court declined to apply *Elzea* retroactively and awarded summary judgment to Southern Discount Company.

Since the district court's decision was entered, we have held that *Elzea* is to be applied retroactively. *Travis v. Trust Company Bank*, 621 F.2d 148 (5th Cir. 1980). In *Travis* we applied the three tests established in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) to

---

* District Judge of the Northern District of Alabama, sitting by designation.

determine whether purely prospective application of *Elzea* was proper. As to the first test, we held that *Elzea* did not decide an issue whose resolution was not clearly foreshadowed noting that "[a] reasonable, prudent creditor should anticipate a ruling that a transfer and assignment of homestead and exemption rights is a security interest which must be disclosed under 15 U.S.C. 1639(a)(8) and 12 C.F.R. 226.8(b)(5)." 621 F.2d at 150. Second, we held that the retroactive application of the rule would further its operation, in view of the remedial purposes of the Act. *Id.* at 150–51. Finally, we concluded that "the retroactive application of *Elzea* will not produce inequitable results not contemplated by Congress in enacting TILA." *Id.* at 151.

■ Appellee argues, however, that *Travis* does not control the present case, since the court in *Travis* specifically found that the lender in that case could not have relied on the *Mims* decision which was only announced after the transactions in question had occurred. *See Ector v. Southern Discount Co.*, 499 F.Supp. 284 (N.D. Ga. 1980). The distinction is significant but not dispositive. As the court in *Travis* stated, "while the *Elzea* decision does change the law in the Northern District of Georgia, it does not alter longstanding law in the Fifth Circuit and cannot be said to overrule or depart from a previously controlling case in that court." 621 F.2d at 151. The *Mims* case was wrongly decided and "[a] reasonable, prudent creditor" would have anticipated the possibility of a corrective ruling from this court. The application of *Elzea* is

retroactive throughout this circuit: a special rule does not exist for the Northern District of Georgia. *See Brook v. Intercontinental Mortgage Co.*, Civ. No. C78–1235A (N.D. Ga. 1979).

■ Appellee urges this court to interpret 15 U.S.C. § 1640(f)[1] as providing a defense to violations of TILA resulting from the lender's good faith reliance on judicial interpretation of the Act. The statute provides such a defense only where the lender has relied on an administrative interpretation of the Act by an official or employee of the Federal Reserve System. If Congress had chosen to include reliance upon judicial decisions it could easily have done so. The Supreme Court's recent discussion of section 1640(f) in *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565–70, 100 S.Ct. 790, 796–799, 63 L.Ed.2d 22 (1980) underscores the significance of the distinction between agency and judicial interpretation of the statute. We thus reject a reading of section 1640(f) that would encompass reliance on court decisions.

■ Finally, appellee points out that 15 U.S.C. § 1640(b)[2] exempts a creditor from liability under TILA when the creditor notifies the debtor of the error in the disclosure statement within fifteen days of its disclosure. It argues that it is covered by this provision since it sent notice to appellant Idella Hamilton in care of her attorney within seven days of learning of the decision in *Elzea*. In determining the applicability of section 1640(b), courts have looked to the kind of error involved, some restrict-

---

1. 15 U.S.C. § 1640(f) provides:

No provision of this section or section 1611 of this title imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

2. 15 U.S.C. § 1640(b) provides:

A creditor has no liability under this section for any failure to comply with any requirement imposed under this part or part E of this subchapter if within fifteen days after discovering an error, and prior to the institution of an action under this section or the receipt of written notice of the error, the creditor notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to insure that the person will not be required to pay a charge in excess of the amount or percentage rate actually disclosed.

ing the scope of the section to mathematical or clerical errors. *See, e. g., Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 250–52 (3d Cir. 1980); *Jumbo v. Nester Motors, Inc.*, 428 F.Supp. 1085, 1087 (D. Ariz. 1977). We need not, however, determine the limits of this provision. We hold only that it does not cover a case such as that before us.

Accordingly, the award of summary judgment to appellee is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.