In re Jerry AMEY, Jr. and Carolyn
Amey, Debtors.

Jerry AMEY, Jr. and Carolyn
Amey, Plaintiffs,

v.

GENERAL FINANCE CORPORATION
OF GEORGIA, Defendant.

Bankruptcy No. 81–02840A.

Adv. No. 81–1244A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Jan. 12, 1982.

Dwight Bowen, Atlanta, Ga., for plaintiffs.

Lewis N. Jones, Atlanta, Ga., for defendant.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy
Judge.

This case is before the Court on the plaintiffs' motion for summary judgment arising out of their complaint for violation of 15 U.S.C. § 1601 *et seq.*, the Consumer Credit Protection Act. The plaintiffs allege three violations of the Truth-in-Lending regulations: (1) that the defendant made inconsistent state disclosures by employing the terminology "Face Amount of Contract"; (2) that the defendant failed to adequately disclose its security interest in the plaintiffs' household goods; and (3) that the defendant failed to disclose the elements of the finance charge in meaningful sequence.

The defendant relies on the case of *Friend v. Termplan, Inc.*, 651 F.2d 1012 (5th Cir., 1981) to support its contention that the disclosure of "Face Amount of Contract" on the same line as the disclosure of the finance charge and the annual percentage rate is an inconsistent state disclosure of this issue. The Court in *Friend*, when faced with a disclosure identical to the disclosure in this case, held:

"that the term 'Face Amount of the Contract' is terminology which is inconsistent with federal disclosures. It conveys no information from which the borrower can compare credit costs. Furthermore, the

inclusion of the term adds an additional figure which is similar to the amount financed and the total amount of payments. It can only serve to create confusion in the mind of the borrower who is trying to determine what the loan will cost him and how it· compares to other credit terms."

The Court continued stating that this disclosure should have been clearly delineated as an inconsistent state disclosure. Thus, the disclosure at issue violates the Truth-in-Lending Act.

The defendant has raised the question of the retroactive application of the decision in *Friend*. The defendant has shown that it has pending presently before the United States District Court for the Northern District of Georgia the question of the retroactive application of the *Friend* decision. In the exercise of judicial discretion and in the interest of judicial economy, this Court will refrain from addressing this issue until it is dealt with by the District Court in cases currently pending before it.

The Court notes that the general rule that plaintiffs are limited to a single recovery despite the possibility of multiple Truth-in-Lending violations does not relieve the Court of its responsibility for addressing the second and third contentions of the plaintiffs. *Turner v. Firestone & Rubber Company*, 537 F.2d 1296 (5th Cir. 1976). This is true because the plaintiffs may not actually recover for the defendant's Truth-in-Lending violation addressed above. For this reason, the Court will address the plaintiffs' other allegations of violation of the Truth-in-Lending Act.

■ The defendant made the following disclosure of its security interest in certain property of the plaintiffs:

"There is a security agreement on personal property listed below."

Regulation Z, § 226.8(b)(5) requires disclosure of "the type of any security interest held or to be retained or acquired by the creditor." The case of *Thomas v. Termplan, Inc. of Georgia*, C76–1303A (N.D.Ga., Jan. 4, 1980), in adopting the Magistrate's recommendation, addressed a disclosure similar to the one at issue. The disclosure in *Thomas* was as follows:

"This loan is secured by a security agreement of even date covering the property described below and the proceeds thereof to secure this and any future loan."

The District Court held that the security interest is described fully and identified by the words "security agreement." Accordingly, the defendant has not violated the Truth-in-Lending Act by its disclosure of its security interest in the plaintiffs' household goods.

■ The plaintiffs have alleged that the disclosure of the finance charge and its elements—interest, prepaid finance charge and maintenance charge—is not in meaningful sequence. The plaintiffs show in support of this contention that the defendant disclosed the prepaid finance charge and the interest on one line and the maintenance charge and the finance charge on the line below and that the defendant has mixed other disclosures "irrelevant to the arithmetic progression" in between these disclosures. Plaintiffs' Brief in Support of Motion for Summary Judgment, p. 5, 6.

The plaintiffs have relied on the case of *Allen v. Beneficial Finance*, 531 F.2d 797 (7th Cir. 1976) to support their arithmetical sequence argument. This case was addressed by Federal Reserve Board Letter 1047 (May 20, 1976), CCH Consumer Credit Guide ¶ 31,387. This letter stated that:

"Meaningful sequence cannot—and should not—be defined by reference to some rigid concept of arithmetical progression."

The United States Bankruptcy Court for the Northern District of Georgia has had the occasion to rule on the question of meaningful sequence in a disclosure identical to the disclosure in the instant case. *In the Matter of Freeman Lomax*, 81–0025A (B.C.N.D.Ga., Oct. 26, 1981) (Kahn, B. J.) followed the Seventh Circuit's directive that "the key factor is reasonable proximity and comprehensibility" *Basham v. Finance America Corp.*, 583 F.2d 918, 926 (7th Cir. 1978), *cert. denied* 439 U.S. 1128, 99 S.Ct.

1046, 59 L.Ed.2d 89 (1979) in holding that "the disclosures contained therein are in a 'meaningful sequence' as required by 12 C.F.R. § 226.6(a), and that there is no violation of the TILA." This Court believes that the decision in *Lomax* was correct and accordingly finds that there is no violation of the Truth-in-Lending Act regarding the plaintiffs' third contention.

Therefore, for the above-stated reasons, the plaintiffs' motion for summary judgment is granted in part and denied in part with a final determination of the award of any money judgment to be deferred pending a ruling by the District Court for the Northern District of Georgia on the retroactive application of the decision in *Friend v. Termplan, Inc.*, 651 F.2d 1012 (5th Cir. 1981).

IT IS SO ORDERED.