PER CURIAM:
 

 The sole issue in this Truth-in-Lending Act (TILA) case is whether
 
 Friend v. Termplan, Inc.,
 
 651 F.2d 1012 (5th Cir.1981), should be given only prospective application. Agreeing with the district court that it should not, we affirm.
 

 While seeking relief under Chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C.A. § 1322, Orr filed a complaint alleging that General Finance’s consumer loan agreement violated TILA because it lacked proper disclosures. Orr contended that the inclusion of the term “face amount of contract,” a term peculiar to the Georgia Industrial Loan Act, constituted inconsistent state information. General Finance argued that the Northern District of Georgia had addressed this issue and found no TILA violation in the use of this particular terminology amidst the required federal disclosures.
 
 See, e.g., Baker v. General Finance Corp. of Georgia,
 
 C78-634A (N.D.Ga. April 24, 1979). Citing
 
 Friend v. Termplan, Inc.,
 
 the bankruptcy court granted Orr’s motion for summary judgment and awarded damages. The district court affirmed.
 

 In
 
 Friend v. Termplan, Inc.,
 
 the court held that the disclosure of the term “face amount of contract” was an inconsistent state disclosure which required disclosure separate and apart from other federal disclosures. The loan agreement in this case was executed approximately three months prior to the
 
 Friend
 
 decision. The district court applied
 
 Friend
 
 retroactively to this case by analyzing the standards set forth in
 
 Chevron Oil Co. v. Huson,
 
 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In
 
 Chevron,
 
 the Court listed three factors for consideration when dealing with the non-retro-activity question: (1) whether the decision establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether retrospective operation will further or retard the purpose and effect of the rule in question; and (3) whether retroactive application will produce substantial inequitable results and impose injustice or hardship.
 
 Chevron,
 
 404 U.S. at 106-07, 92 S.Ct. at 355.
 

 The former Fifth Circuit has addressed the retroactivity question in the context of TILA cases in
 
 Travis v. Trust Company Bank,
 
 621 F.2d 148 (5th Cir.1980) and
 
 Hamilton v. Southern Discount Co.,
 
 656 F.2d 150 (5th Cir.1981). In both cases, the court analyzed whether
 
 Elzea v. National Bank of Georgia,
 
 570 F.2d 1248 (5th Cir.1978), should be applied retroactively. Discussing the first
 
 Chevron
 
 factor, the
 
 Hamilton
 
 court stated that “ ‘while the
 
 Elzea
 
 decision does change the law in the Northern District of Georgia, it does not alter longstanding law in the Fifth Circuit and cannot be said to overrule or depart from a previously controlling case in that court.’ ” 656 F.2d at 156
 
 (quoting Travis,
 
 621 F.2d at 151). The same rationale applies with equal force in this case. Although
 
 Friend
 
 changed the law in the Northern District of Georgia, it did not overrule a previously controlling Fifth Circuit case. Nor can it be said that
 
 *1013
 

 Friend
 
 decided an issue of first impression whose resolution was not clearly foreshadowed. In
 
 Mason v. General Finance Corp. of Virginia,
 
 542 F.2d 1226 (4th Cir.1976), the court held that the placing of a state term — contract rate — among federal disclosures was inconsistent with TILA terminology. Although
 
 Mason
 
 involved a different state-required disclosure term, the rule announced is directly applicable to the situation in the instant case. A reasonable, prudent creditor could anticipate a ruling that the inclusion of a state disclosure term among TILA disclosures constitutes a misleading state disclosure which should not be intermingled with TILA disclosures.
 
 Friend,
 
 651 F.2d 1012, 1013.
 

 As did the
 
 Travis
 
 court when considering the remaining
 
 Chevron
 
 factors, we similarly hold that, in view of the remedial purposes of TILA, the retroactive application of the
 
 Friend
 
 rule will further its operation. Moreover, applying
 
 Friend
 
 retroactively “will not produce inequitable results not contemplated by Congress in enacting TILA.”
 
 Travis,
 
 621 F.2d at 151.
 

 Accordingly, we affirm the district court’s entry of summary judgment in favor of Orr.
 

 AFFIRMED.