In re Marjorie A. DILLIN, Debtor.

GENERAL FINANCE CORPORATION of GEORGIA, Appellant-Defendant,

v.

Marjorie A. DILLIN and Jack K. Berry, Trustee, Appellees-Plaintiffs.

Civ. A. No. 182–159.

United States District Court, S.D. Georgia, Augusta Division.

Feb. 14, 1983.

V. Lee Ringler, Augusta, Ga., for appellees-plaintiffs.

John S. Dalis, Augusta, Ga., for appellant-defendant.

## ORDER

BOWEN, District Judge.

General Finance Corporation, appellant, filed this appeal of the decision of the United States Bankruptcy Court for the Southern District of Georgia in this Truth-in-Lending action, 15 U.S.C. § 1610 *et seq.* That court held that the decision in *Friend v. Termplan, Inc.*, 651 F.2d 1012 (5th Cir. 1981) applied retroactively and found appellant in violation of Regulation "Z", § 226.-

6(c), 12 C.F.R. § 226.6(c). The sole issue on appeal is the propriety of the retrospective application of *Friend*. Appellant concedes that if *Friend* is retroactive it is in violation of Regulation "Z".

Appellee Marjorie Dillin entered into a consumer credit transaction with the appellant on May 18, 1981. She then filed the underlying Truth-in-Lending action as an adversary proceeding in the court below alleging the intermingling of inconsistent state disclosure terms with the federally required disclosures. Prior to the filing of this action the Fifth Circuit Court of Appeals handed down its decision in *Friend* on July 27, 1981. That decision held that the state term "face amount of contract" was an inconsistent state term which could not be intermingled with the federal disclosures directed under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* In light of this ruling, the court below found the appellant in violation of Regulation "Z" although the credit transaction occurred two months before the *Friend* decision.

■ Appellant argues that the *Friend* case should apply only prospectively. In this regard, it is noted that retroactive applicability of judicial pronouncements is the rule and they enjoy a strong presumption in favor of retroactivity in the federal courts. *Simpson v. Dir., Office of Workers' Comp. Programs*, 681 F.2d 81, 84 (1st Cir.1982). Before this presumption is rebutted and a decision found to be an exception to the rule of retroactivity, a three-pronged test must be met by the proponent of prospective application. This test was delineated by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The Court employed three separate factors in dealing with the nonretroactivity issue:

1) The decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . , or by deciding an issue of first impression whose resolution was not clearly foreshadowed;

2) The Court must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation; and,

3) Whether retroactive operation would result in substantial inequitable results. *Id.* at 106–07, 92 S.Ct. at 355 (cits. omitted).

In the instant case, the bankruptcy court concluded that appellant did not meet the *Chevron Oil* criteria.

■ Appellant argues that it meets the first prong of *Chevron Oil* in that it relied upon the rulings of the district courts for the Northern District of Georgia. This argument fails in light of language found in *Hamilton v. Southern Discount Co.,* 656 F.2d 150 (5th Cir.1981). *Hamilton* concerned a Truth-in-Lending action which involved assignment of homestead exemptions and the retroactive application of a dispositive case. The court noted that the retroactive decision affected, the law in the Northern District of Georgia, but did not alter any longstanding law of the Fifth Circuit. *Id.* at 152. This language indicates that reliance on district court decisions will not suffice to satisfy *Chevron Oil's* first factor.* The appellate correction of wrongly decided cases does constitute the overruling of past precedent for nonretroactivity purposes. *Hamilton* at 152.

■ Appellant also fails to meet the second prong of the *Chevron Oil* test, that is whether retrospective application will further or retard the purposes and goals of the Truth-in-Lending Act. Appellant argues that it has corrected its loan forms pursuant to *Friend* and retroactive operation would do nothing more than provide a windfall to the debtor. These arguments are unconvincing. The Truth-in-Lending Act has as its purpose the promotion of the informed use by the consumer of credit and its costs.

*Smith v. Chapman,* 614 F.2d 968, 971 (5th Cir.1980). The act is structured so as to compensate borrowers for misleading disclosures and deter lenders from making misleading disclosures. *Williams v. Public Finance Corp.,* 598 F.2d 349, 355 (5th Cir. 1979). Actual injury to the consumer is not required to establish liability. *Parker v. DeKalb Chrysler Plymouth,* 673 F.2d 1178, 1181 (11th Cir.1982). Consonant with its purposes, the act is construed liberally in the consumer's favor. *Davis v. Werne,* 673 F.2d 866, 869 (5th Cir.1982).

■ Although Appellant has altered its forms to comply with the mandate of *Friend* this does not affect the analysis of the nonretroactivity question. Retroactivity cannot be applied on a piecemeal basis dependent upon facts peculiar to each case. Otherwise, no clear rule of law would evolve leaving courts and lenders alike in a quandry as to the applicability of particular judicial pronouncement. Moreover, the amount of litigation would increase as the courts would be called upon to engage in the case by case resolution of the same issue. Finally, a case by case application would deter the fostering of a standardization of credit terms and the fair and consistent treatment of consumers, goals of the Truth-in-Lending Act. *Parker,* at 1180–81. With respect to appellant's contention that the debtor would enjoy a windfall, such is conceivably already the case inasmuch as a claimant does not need to show, or suffer, injury to recover from the lender. Accordingly, retroactive operation serves only to further the purposes of the Truth-in-Lending Act. Having determined that the second *Chevron Oil* test is not met, attention is turned to the final test.

■ The third factor involves a determination of whether the retroactive operation of the particular rule will result in substantial inequitable consequences. Appellant has failed to demonstrate any such conse-

---

* Ironically, this conclusion has been reached by several district courts for the Northern District of Georgia: *Benjamin v. General Finance Corp.,* No. C82–1217A (N.D.Ga. September 2, 1982 (Freeman, J.)), *Orr v. General Finance Corp.,* No. C82–604A (N.D.Ga. June 18, 1982 (Forrester, J.)), and *Abernathy v. Century Finance Co., Inc.,* No. 81–668A (N.D.Ga. June 28, 1982 (Tidwell, J.)). All of these cases applied *Friend* retroactively.

quences. Appellant fears a flood of litigation arising from retroactive application which would result in a substantial monetary loss to appellant. There is, however, no indication from the record that this deluge of wronged consumers has taken place or is about to take place. Appellees point that many of these cases would be barred by the Truth-in-Lending Act's one year statute of limitations, 15 U.S.C. § 1640(e), is well made. The *Friend* decision was handed down well over a year ago. Appellant has pointed out that it has modified its loan forms to reflect the *Friend* holding. Consequently, the fear of a massive influx of litigation is without a basis in fact. Thus the final test of *Chevron Oil* is not met. There is no evidence that retroactive application of *Friend* will produce inequitable results. The appellant has failed to satisfy *Chevron Oil.* Accordingly, the *Friend* decision should be applied retroactively.

■ Appellees seek an award of attorneys' fees for efforts expended in connection with this appeal. Such an award is proper and should be made. *Thomas v. Myers-Dickson Furniture Company,* 479 F.2d 740, 748 (5th Cir.1973).

The decision of the United States Bankruptcy Court for the Southern District of Georgia is affirmed. The case is remanded, however, to the Bankruptcy Court for a determination and award of reasonable attorneys' fees to appellee's attorney for work undertaken on this appeal.

