In the Matter of Bobby O'Neal PRICK-ETT, Betty Jean Prickett, Debtors.

WRENS FINANCE COMPANY,
Appellant,

v.

Bobby O'Neal PRICKETT, Betty Jean Prickett and Jack K. Berry, Trustee, Appellees.

Civ. A. No. CV182–146.

United States District Court,
S.D. Georgia,
Augusta Division.

Feb. 24, 1983.

Fred K. Harvey, Augusta, Ga., for appellant.

Lee Ringler, Augusta, Ga., for appellees.

## ORDER

BOWEN, District Judge.

Wrens Finance Company appeals from the order of the United States Bankruptcy Court holding appellant in violation of the provisions of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. and Regulation "Z", 12 C.F.R. § 226.6(c)(2).

Bobby and Betty Jean Prickett, appellee-debtors, entered into a consumer loan agreement with appellant on April 15, 1981. Subsequently, appellees filed a "TILA" action alleging that the appellant's loan agreement form did not comply with the applicable "TILA" and Regulation "Z" provisions. Specifically, they assert the loan form does not comply with Regulation "Z" in that it intermingles the phrase "face amount of the loan note contract" (the term), an inconsistent state disclosure requirement, among the disclosures required under "TILA." Section 226.6(c)(2)(i), (ii) directs that all federally required disclosures be labeled as such and appear separately and above any other disclosures such as inconsistent state disclosures. With respect to inconsistent state disclosures, Regulation "Z" requires that they

> appear separately and below a conspicuous demarcation line, and are identified by a clear and conspicuous heading indicating that the statements made thereafter are inconsistent with the disclosure requirements of the Federal Truth in Lending Act.

12 C.F.R. § 226.6(c)(2)(iii). The bankruptcy judge, relying upon the case of Friend v. Termplan, Inc., 651 F.2d 1012 (5th Cir.1981), found that appellant violated the above-cited provisions by failing to place the inconsistent term in a portion of the disclosure statement clearly delineated as an inconsistent state disclosure. In Friend, the Fifth Circuit held the term "Face Amount of Contract" to be state terminology which was inconsistent with the federally required

disclosures. The court further held that the failure to include this term in a section of the loan disclosure statement clearly identified as inconsistent state disclosures breached the provisions of Regulation "Z."

■ The bankruptcy judge rejected appellant's defense that because the Pricketts were not misled or confused, there was no violation. Although he found that the debtors indicated little, if any, confusion over the loan form, the bankruptcy judge correctly concluded that confusion or actual injury was not essential to establish a violation of "TILA." Accordingly, appellant was held liable to appellees in the amount of $1,462.88 plus attorney's fees of $250.00.

Appellant argues that the bankruptcy judge erred in holding that, under Friend, it violated the Truth-in-Lending Act. Appellant also argues that the bankruptcy judge erred by holding that the placement of the term "face amount of the loan note contract" would lead to confusion on the borrower's part when he had made the finding that the debtors indicated little, if any, confusion from the placement of the term. Upon review of the record in this case and briefs filed on this appeal, the judgment below must be affirmed.

■ As noted above, Regulation "Z" specifically and unequivocally details the manner in which inconsistent state terms are to be disclosed. The loan form used by appellant does not comply with Regulation "Z." The form used is a single page document entitled "Federal Truth in Lending Disclosure and Itemized Statement of Loan." Approximately one-quarter of the page down from the top, bounded by heavy black lines appear the required state disclosures, the "face amount" term among them. This portion of the form is not identified in any way as being the inconsistent state terms. Farther down in the right bottom half of the page under the heading "Itemized Statement" appear the "TILA" disclosures. These are separated from the rest of the form by a heavy black line and are approxi-

mately two and one-half inches below the state disclosure box. Because appellant's form is partially headed "Federal Truth in Lending Disclosures," a borrower, uneducated in the nuances of loan documents and the attendant legal duties of the lender, would naturally view all the disclosures on the loan form as federally required since there is no reference whatsoever made with regard to any inconsistent state disclosures.

Appellant's form thus contravenes Regulation "Z" by failing to conspicuously and clearly identify the state terms, § 226.-6(c)(2)(iii), and to place them below the federal disclosures. § 226.6(c)(2)(i). This noncompliance constitutes a violation, regardless of how technical and pedantic it may appear. *Wright v. Tower Loan of Mississippi, Inc.,* 679 F.2d 436, 444 (5th Cir. 1982). The requirement of strict technical compliance benefits all borrowers by fostering the use of standardized credit terms. Rigid obedience is consonant with "TILA's" purpose of encouraging consistent and fair treatment of borrowers. *Parker v. DeKalb Chrysler Plymouth,* 673 F.2d 1178, 80–81 (11th Cir.1982). The fact that the state disclosures are actually separated from the federal disclosures on the form is immaterial. As noted earlier, a naive borrower would not be aware that there were any state disclosures just by looking at the loan form. *Friend* is quite clear in its holding that conspicuous delineation is required. *Friend,* at 1014. The bankruptcy judge was correct in relying upon *Friend.*

With respect to the existence *vel non* of confusion, injury or deception on the part of the borrower, this issue is irrelevant in a "TILA" action. Subjective confusion or deception of a borrower is not necessary to establish liability; an objective standard is applied in determining whether a "TILA" violation has occurred. *Zamarippa v. Cy's Car Sales, Inc.,* 674 F.2d 877, 879 (11th Cir.1982); *Parker,* at 1181.

■ Appellees seek an award of attorney's fees connected with this appeal. Such an award is consonant with the purposes and goals of the Truth-in-Lending Act. *Thomas v. Myers-Dickson Furniture Company,* 479 F.2d 740, 748 (5th Cir.1973). Accordingly, this matter is remanded to the bankruptcy court for a determination and award of reasonable attorney's fees for work associated with this appeal.

In concluding this opinion, an observation must be made. The law in this area is currently a jumbled and confusing mass of statutes and regulations. Seemingly ever shifting judicial pronouncements, attempting to divine the requirements of "TILA," unfortunately have not been successful in navigating the consumer lender through the regulatory morass. The fault, however, for this nonsuccess does not lie with the judiciary but is a function of the innate obfuscation of the statutes and regulations themselves. Presently, a lender cannot enjoy adequate assurances that the forms employed by him will not expose him to liability. The risk of liability to the lender imposed by the obscurity of the rules and regulations is exacerbated by the direction that these rules and regulations be strictly complied with and that liability will inure on the slightest of technical deviation. Before these waters are calmed and a lender can safely venture out, a legislative revision is needed to clearly and specifically define a lender's duties and obligations. A model loan form and code, in the style of the Uniform Commercial Code, for example, of what is permissible and required as a loan document is needed to provide guidance and assurance to a lender that he is treading a safe path.